UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA )
)
V. ) No. 2:05-CR-105
)
DARRELL LYNN TIPTON )

# REPORT AND RECOMMENDATION

Defendant has filed a motion to suppress evidence seized on October 26, 2005. (Doc. 17). This motion has been referred to the United States Magistrate Judge under the standing orders of this Court and pursuant to 28 U.S.C. § 636(b). An evidentiary hearing was held on November 24, 2009. The only witness was Office Ronnie Adkins of the Unicoi Sheriffs Office.

Defendant is indicted for being a convicted felon in possession of firearms and ammunition. On October 26, 2005, officers of the Unicoi Sheriffs Department and other law enforcement agencies seized a rifle from a car in which defendant had been riding. Defendant argues that the search of this vehicle was without a warrant and in violation of the Fourth Amendment.

Some time prior to October 2005, the state of Missouri issued a warrant for defendant's arrest. There was some disagreement regarding what state charges were filed against defendant; the United States' suggested that they were murder charges, and defendant suggested they were something less, but that disagreement is irrelevant to the

issue before this court. Suffice it to say that there was a warrant for defendant's arrest issued by the state of Missouri, as well as a federal warrant issued for defendant for his unlawful flight to avoid prosecution in that state. Additionally, at that time, there was at least one Tennessee warrant issued for defendant's arrest.

Regardless of the nature of the charges filed against defendant by the states of Missouri and Tennessee, all law enforcement agencies had been advised that defendant was considered to be armed and dangerous, and that he was a convicted felon. Defendant had successfully eluded capture several times by officers of Unicoi County due to defendant's knowledge of the geography and terrain.

On October 26, 2005, the Unicoi County Sheriffs Department received a tip that defendant was then in his mother's house on Carolina Avenue in Erwin, Tennessee. Officer Adkins and a sizable number of other city and county officers established surveillance of the house. Due to the presence of defendant's mother in the house, and understandably wishing to avoid a gunfight, the officers "set up a perimeter" around the house, rather than entering the house directly. The officers devised a plan to cause defendant to leave the house; a relative agreed to call defendant at his mother's house to warn him that law enforcement officers were on their way to the house to arrest him. It was hoped that this ruse would cause defendant to leave the house, at which time the officers hidden in various places outside the house would effect his arrest.

The plan worked, up to a point. When the call was made, defendant indeed did leave the house, but he did so in the presence of a young man. Defendant had a rifle in one hand,

2

and a backpack or bag in the other. Officer Adkins stood up and screamed at defendant to stop, but defendant refused to do so. Rather, he and the young man (whose name was Lopez) got into a car and sped away at high speed. The car was driven and owned by Lopez.

Officer Adkins fired a shot at the car in an effort to blow out a rear tire, but he missed. The other officers in their vehicles chased the car in which defendant was riding, and it was stopped after three or four miles.

Defendant immediately was placed under arrest on the basis of the various warrants outstanding for him, and he was searched incident to that arrest. Ammunition was found in his pants' pocket.

As it turned out, Mr. Lopez was not a willing participant in defendant's flight. He left with defendant, and drove the car, only because of his fear of defendant.

In plain view on the floor board of the car was the rifle which defendant was carrying as he left his mother's house. Obviously, that rifle was seized.

The car was impounded and taken to the Sheriffs Department. In the car was the backpack which defendant carried from his mother's house, and it was searched. In the backpack was a handgun.

Obviously, the ammunition found in defendant's pocket was discovered as a result of a search incident to his lawful arrest, and there was no violation of the Fourth Amendment as a result. *See, e.g., Chimel v. California*, 395 U.S. 752, 762-63 (1979).

Neither was the discovery and seizure of the rifle on the floor board of the car a violation of the Fourth Amendment for two reasons. First, it was in plain view, and its

3

incriminating nature was "immediately apparent" since the officers knew that defendant was a convicted felon. *See, e.g., United States v. Bradshaw*, 102 F.3d 204, 210-11 (6th Cir. 1996).

Second, defendant has no standing to complain about any search or seizure of the car. The car was owned and driven by Mr. Lopez; as a mere passenger, defendant has no standing to complain of the vehicle's search. *Rakas v. Illinois*, 439 U.S. 128 (1978) is squarely on point. In *Rakas*, the defendants sought to suppress evidence of guns and ammunition found in a car which they did not own and in which they were simply passengers. The Supreme Court declined to extend to the defendants the protection of the Fourth Amendment under those circumstances. 439 U.S. at 433.

As far as the search of the backpack is concerned, it too was lawfully searched as an incident to defendant's arrest. It is recalled that defendant was seen carrying that backpack as he fled from his mother's house. A bag or container initially observed in close proximity to a defendant may be searched as an incident to that defendant's arrest, even though the bag or container is no longer within the defendant's reach as a result of the arrest. *See, e.g., United States v. Thomas*, 11 F.3d 620, 628 (6th Cir. 1993). Even if *Arizona v. Gant*, 129 S.Ct. 1710 (2009) has changed that result, the search of the backpack was appropriate as an inventory search. Defendant was arrested, and an inventory search of his personal belongings was a legitimate undertaking under those circumstances. *See, United States v. McCoy*, 102 F.3d 239, 240 (6th Cir. 1996).

There was no violation of the Fourth Amendment with respect to any of the evidence

4

seized on October 26, 2005, as a result of which it is recommended that defendant's motion to suppress be denied.[1]

Respectfully submitted,

                 s/ Dennis H. Inman
                 United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within ten (10) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).